**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**

| | |
|---|---|
| UNITED SUPPLIERS, INC. ) | |
| ) | Civil Action No. 14-376 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| SO-IL SERVICE, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

Plaintiff, United Suppliers, Inc. (hereinafter "United Suppliers"), by and through its undersigned attorneys for its complaint against SO-IL Service, Inc. (hereinafter "SO-IL"), allege as follows:

**PARTIES**

1. Plaintiff, United Suppliers is an Iowa corporation with a principal place of business at 30473 260th Street, Eldora, Iowa 50627.

2. Upon information and belief, Defendant, SO-IL, is an Illinois corporation, with a principal place of business located at 233 Cherry Street, Carthage, Illinois 62321.

**JURISDICTION AND VENUE**

3. This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, et seq. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

4. This Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

1

5. This Court may exercise personal jurisdiction over SO-IL. Upon information and belief, SO-IL does business in this judicial district, and a substantial part of the events giving rise to this action have occurred and continue to occur in this judicial district.

6. This Court has supplemental jurisdiction over the claims brought under the common law pursuant to Title 28 U.S.C. §§ 1338(b) and 1367(a).

7. Venue is proper in this judicial district pursuant to Title 28 U.S.C. §§ 1391 and 1400.

## PLAINTIFFS' BUSINESS AND TRADEMARK RIGHTS

8. United Suppliers is a company that sells and distributes agricultural products throughout the central part of the United States.

9. United Suppliers owns and uses in commerce the distinctive mark "SRN28", U.S. Reg. No. 3,673,019 for "fertilizer, namely, slow release nitrogen fertilizer in liquid form with chemical properties that allow the nitrogen content of the product to release slowly into the soil if ground applied or into the plant if applied foliar" (hereinafter "the '019 Registration").

10. United Suppliers has been using the "SRN28" mark since at least as early as October 15, 2006, in conjunction with its fertilizer goods and services.

11. United Suppliers, starting in at least as early as 2006, has continuously used the "SRN28" mark in association with fertilizer goods and services.

12. United Suppliers has spent significant time, money, and effort in developing the recognition of its "SRN28" mark and related goods and services.

## DEFENDANT'S UNLAWFUL CONDUCT

13. SO-IL has and continues to use "SRN 28/72" in association with fertilizer products, namely, slow release nitrogen fertilizer in liquid form with chemical properties that allow the nitrogen content of the product to release slowly into the soil if ground applied or into the plant if applied foliar.

14. SO-IL has a website, www.so-ilservice.com, where SO-IL advertises its fertilizers, including its slow release nitrogen fertilizer, which includes product information and product brochures using "SRN 28/72", available at http://www.so-ilservice.com/foliaropp.html. (Exhibits 1 and 2).

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

15. United Suppliers repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

16. This cause of action is for trademark infringement pursuant to Title 15 U.S.C. §§ 1114 et seq.

17. SO-IL's past use and continued use of "SRN 28/72" in advertising is likely to cause confusion or mistake amongst, or likely to mislead and/or deceive prospective consumers, with respect to the origin and quality of United Suppliers' goods and services, and United Suppliers is likely to be damaged by such actions.

18. SO-IL targets the same consumer base as United Suppliers.

19. United Suppliers goodwill is extremely valuable, and SO-IL's continued unauthorized use of "SRN 28/72" is detrimental to United Suppliers.

20. SO-IL has not received authorization or permission from United Suppliers to us the "SRN28" mark. Similarly, United Suppliers has not acquiesced to SO-IL's use of "SRN 28/72".

21. SO-IL's infringement of the "SRN28" mark is willful and violates Section 32(1) of the Lanham Act, Title 15 U.S.C. §114(1).

22. As a result of SO-IL's unlawful conduct, United Suppliers has suffered, and will continue to suffer, substantial damages. Under Title 15 U.S.C. § 1117(a), United Suppliers is entitled to recover damages, which include any and all profits SO-IL has made as a result of their unlawful conduct.

23. In addition, because SO-IL's infringement was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to Title 15 U.S.C. § 1117(b). In the alternative, United Suppliers is entitled to statutory damages under Title 15 U.S.C § 1117(c).

24. United Suppliers is entitled to injunctive relief pursuant to Title 15 U.S.C. § 1116(a). United Suppliers has no adequate remedy at law for SO-IL's unlawful conduct because, among other things, (a) United Suppliers' trademark is unique and valuable property which has no readily determinable market value, (b) SO-IL's infringement constitutes harm to United Suppliers such that United Suppliers could not be made whole by any monetary reward, (c) if SO-IL's unlawful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) SO-IL's unlawful conduct, and the resulting damage to United Suppliers, is continuing.

25. United Suppliers is also entitled to an order compelling the impounding of all infringing materials being used, offered, marketed, or distributed by SO-IL.

26. United Suppliers is also entitled to recover its attorneys' fees and costs of suit pursuant to Title 15 U.S.C. § 1117.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

27. United Suppliers repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

28. SO-IL's distribution, marketing, promotion, offering for sale, and sale of goods bearing "SRN 28/72" constitutes false designation of origin and false description or representation that SO-IL's goods originate from or are authorized by United Suppliers, when in fact they are not.

29. As a result of SO-IL's unauthorized use of "SRN 28/72", which is confusingly similar to the '019 Registration, the public has and is likely to continue to be misled and confused as to the source, sponsorship, or affiliation of SO-IL's websites and goods.

30. SO-IL's conduct is willful, intended to reap the benefit of United Suppliers' goodwill, and violates Section 43(a)(1)(A) of the Lanham Act, Title 15 U.S.C. § 1125(a)(1)(A).

31. SO-IL's unlawful conduct is likely to continue unless restrained and enjoined.

32. As a result of SO-IL's unlawful conduct, United Suppliers has suffered and will continue to suffer damages. United Suppliers has no adequate remedy at law for SO-IL's unlawful conduct because, among other things, (a) United Suppliers' trademark is unique and valuable property which has no readily determinable market value, (b) SO-IL's infringement

constitutes harm to United Suppliers such that United Suppliers could not be made whole by any monetary reward, (c) if SO-IL's unlawful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials, and (d) SO-IL's unlawful conduct, and the resulting damage to United Suppliers, is continuing.

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

33. United Suppliers repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

34. United Suppliers has common law rights in the "SRN28" mark based on its continuous use of the "SRN28" mark in the central part of the United States in connection with its slow release nitrogen fertilizer.

35. SO-IL's unauthorized use of "SRN 28/72" to promote, advertise, market, and/or sell their services is likely to cause confusion, mistake, and deception of the public as to the identity and origin of SO-IL's services, or as to a connection or affiliation with United Suppliers, or permission from United Suppliers, that does not exist, causing irreparable harm to United Suppliers for which there is no adequate remedy at law. SO-IL's conduct thus constitutes common law trademark infringement.

36. Despite their actual and constructive knowledge of United Suppliers' ownership and prior use of the "SRN28" mark, SO-IL has continued to use "SRN 28/72" mark without the authorization or consent of United Suppliers. SO-IL's actions are deliberate and willful and have

been done with the intention of trading upon valuable goodwill built up by United Suppliers in their "SRN28" mark.

37.     United Suppliers has sustained injury, damage, and loss based on SO-IL's actions.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

38.     United Suppliers repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though the same were fully set forth at length herein.

39.     SO-IL's distribution, marketing, promotion, offering for sale, and sale of services bearing "SRN 28/72" constitutes false designation of origin and false description or representation that SO-IL's service originate from or are authorized by United Suppliers, when in fact they are not.

40.     SO-IL's unauthorized use of "SRN 28/72" mark falsely represents that SO-IL's goods emanate from or are authorized by United Suppliers and places beyond United Suppliers' control the quality of such services, and the message that is associated with such goods.

41.     SO-IL's conduct is willful, intended to reap the benefit of the goodwill associated with the "SRN28" mark, has caused and continues to cause damage and injury to United Suppliers, and constitutes common law unfair competition

## PRAYER FOR RELIEF

Wherefore, United Suppliers prays for relief against SO-IL as follows:

1.     That the Court permanently enjoin and restrain SO-IL, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual

notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

    A.    infringing or contributing to the infringement of the "SRN28" mark;

    B.    engaging in any acts or activities directly or indirectly calculated to infringe United Suppliers' "SRN28" mark;

    C.    disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records, including computer records, of any kind, including invoices, correspondence, books of account, receipts, or other documentation relating or referring in any manner to any services offered in connection with the "SRN28" mark, or any mark or designation that is confusingly similar;

    D.    using any designation, term, marks, slogan, logo, configuration or design that is confusingly similar to United Suppliers' "SRN28" mark.

2.    That the Court enter an order pursuant to Title 15 U.S.C. § 1116(a)(d)(1)(A) impounding all counterfeit and infringing materials bearing the "SRN28" mark, or any mark or designation that is confusingly similar.

3.    Awarding United Suppliers its actual damages, trebled pursuant to Title 15 U.S.C. § 1117(a) & (b), arising out of SO-IL's acts of willful trademark infringement.

4.    Awarding United Suppliers its actual damages, trebled pursuant to Title 15 U.S.C. § 1116(d).

5. Awarding United Suppliers its actual damages, trebled pursuant to Title 15 U.S.C. § 1117(a), arising out of SO-IL's acts of willful unfair competition.

6. Awarding United Suppliers interest, including pre-judgment interest, on the foregoing sums.

7. Awarding United Suppliers its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to Title 15 U.S.C. § 1117(a) and (b)

8. Awarding United Suppliers exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

9. Directing such other action as the Court may deem appropriate to prevent the public from deriving the erroneous impressions that any services offered, advertised, or promoted by, or on behalf of SO-IL is authorized by United Suppliers or related in any way to United Suppliers' services.

10. Directing SO-IL to file with the Court and serve upon United Suppliers' counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above.

11. That the Court grant United Suppliers such other relief as is just and proper.

## JURY TRIAL DEMAND

COMES NOW the Plaintiff and hereby demands a trial by jury of all issues herein.

Dated: September 23, 2014.

By: /s/Timothy J. Zarley
Timothy J. Zarley
Iowa Bar No. 15785
ZARLEY LAW FIRM, P.L.C.
400 Locust Street
Capital Square, Suite 200

Des Moines, IA 50309-2350
Telephone:  (515) 558-0200
Facsimile:   (515) 558-7790
E-mail address:  tzarley@zarleylaw.com

**Attorney For Plaintiff United Suppliers**